UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV - 6 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

CITY TESTING CENTERS LLC,

Plaintiff,

v.

26-CV-95 (JLS) (HKS)

ANTHEM HEALTH CHOICE ASSURANCE, INC.,

Defendant.

**DECISION AND ORDER**

Plaintiff City Testing Centers LLC commenced this action on November 6, 2026 in Supreme Court of the State of New York, County of Erie, alleging claims of breach of contract and unjust enrichment, based on Defendant Anthem Health Choice Assurance, Inc.'s failure to pay for certain "laboratory services." *See* Dkt. 1-1 at 4. Defendant removed the action to this Court on January 15, 2026. Dkt. 1. The case has been referred to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 13.

On February 13, 2026, Plaintiff moved for an order remanding this action. Dkt. 8.[1] Defendant opposed the motion to remand, Dkt. 14, and Plaintiff replied. Dkt. 20.

---

[1] Defendant filed a motion to dismiss on February 16, 2026. Dkt. 9. That motion is currently stayed pending resolution of Plaintiff's motion to remand. Dkt. 19.

On September 28, 2026, Judge Schroeder issued a Report and Recommendation ("R&R"), recommending that this Court deny Plaintiff's [8] motion to remand. *See* Dkt. 25.

Plaintiff objected to the R&R. Dkt. 27. It argued, *inter alia*, that the R&R incorrectly concluded that: (1) Plaintiff's claims are colorable claims for benefits under the Employee Retirement Income Security Act ("ERISA"); (2) no legal duty independent of the ERISA plans is implicated by Defendant's conduct; and (3) the Court may exercise supplemental jurisdiction over the claims arising out of the plans not governed by ERISA. *Id.* at 2.[2] Defendant opposed the objections, Dkt. 29, and Plaintiff replied. Dkt. 30.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation.

For the reasons above and in the R&R, Plaintiff's [8] motion for an order remanding this action to state court is **DENIED**. As a result, this Court has

---

[2] Page numbers refer to the CM/ECF generated numbering in the header of each page.

jurisdiction over this action—including supplemental jurisdiction over the claims arising out of the plans not governed by ERISA. The Court, therefore, refers the case back to Judge Schroeder for further proceedings consistent with the referral order at Dkt. 13.

SO ORDERED.

Dated: November 6, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE